UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2381

HONG QING CAO,

            Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 28, 2013            Decided: April 9, 2013

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Guang Jun Gao, LAW OFFICES OF GUANG JUN GAO, Flushing, New York, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hong Qing Cao, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to

2

the law and an abuse of discretion.'" <u>Marynenka v. Holder</u>, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Cao failed to meet her burden of establishing that her experiences with the police in China constituted either past persecution or a well-founded fear of future persecution on account of a protected ground. We therefore uphold the denial of Cao's requests for asylum and withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Finally, to qualify for protection under the Convention Against Torture, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). To state a prima facie case for relief, the petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent

3

or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2012); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). Based on our review of the record, we conclude that substantial evidence supports the denial of Cao's request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review). As found by the Board, the mistreatment that Cao described clearly did not rise to the level of torture, and there is nothing in the record to suggest that it is more likely than not that she will be tortured by or with the acquiescence of the Chinese government upon her return.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED